UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23153-BLOOM/Louis

TAMMY VAUGHN,

    Plaintiff,

v.

CARNIVAL CORPORATION and
XYZ NURSE,

    Defendants.
_____/

**ORDER ON DEFENDANT'S MOTION *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion *in Limine*, ECF No. [32] ("Motion"), filed on November 1, 2021. Plaintiff Tammy Vaughn ("Plaintiff") filed her Response in Opposition, ECF No. [33] ("Response"), to which Defendant filed a Reply, ECF No. [34] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

    **I.   BACKGROUND**

Plaintiff allegedly sustained an eye injury in August 2019 while aboard Defendant's cruise. *See* ECF No. [1]. Plaintiff asserts claims against Defendant based upon general negligence ("Count I"); negligent failure to warn ("Count II"); negligence for the acts of the shipboard nurse, Mr. Ferdinand Rapanan ("Mr. Rapanan"), on a theory of *respondeat superior* ("Count III"); negligence for the acts of medical personnel based on a theory of apparent agency ("Count IV"); negligence

for the acts of Mr. Rapanan based on a theory of joint venture ("Count V"); and negligent hiring and/or retention ("Count VI"). *See generally id.*

On November 1, 2021, Defendant filed the instant Motion *in Limine* challenging: (1) a "handout" that the shipboard medical staff allegedly provided to Plaintiff; (2) statements allegedly made by the shipboard medical staff; (3) opinions from Plaintiff's treating physicians about causation; (4) evidence of prior incidents or claims; and (5) evidence or argument that Plaintiff uses a guide dog for the visually impaired or is reliant on such a dog. *See generally* ECF No. [32]. Plaintiff argues that the challenged evidence is admissible or that the Court should reserve ruling on the admissibility of the challenged evidence until the trial. *See generally* ECF No. [33].

## II.   LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though

the proffer falls within the scope of a denied motion *in limine.*" (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross,* 928 F.2d 1030, 1048 (11th Cir. 1991)).

    i.   **Handout Allegedly Provided by the Shipboard Medical Staff**

Defendant seeks to exclude the handout that the shipboard medical staff allegedly gave to Plaintiff. ECF No. [32] at 1. Defendant argues that the handout is not authentic, and it is hearsay that does not fit within any hearsay exception. *See id.* at 2. Plaintiff responds that the handout has been authenticated through depositions and it is not hearsay. ECF No. [33] at 2-8. Plaintiff contends that, even if the handout is hearsay, several hearsay exceptions apply. *See id*. at 6-8.

First, in order to authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. As Defendant correctly notes, the Eleventh Circuit has determined that Rule 901 only "requires a

proponent to present sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be." ECF No. [34] at 1; *United States v. Maritime Life Caribbean Ltd.*, 913 F.3d 1027, 1033 (11th Cir. 2019) (quoting *United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012)). Rule 901(b)(1) further states that "testimony of a witness with knowledge" that "an item is what it is claimed to be" can establish authenticity. Fed. R. Evid. 901(b)(1).

Plaintiff points out that she testified in her deposition that Defendant's nurse gave her the handout in question. ECF Nos. [33] at 2; [32-1] at 18. Plaintiff's husband also confirmed that Defendant's nurse gave Plaintiff the handout. ECF Nos. [33] at 3; [32-5] at 14. Lastly, Defendant's corporate representative also testified at his deposition that the handout contains recommendations that are consistent with Defendant's medical advice. ECF No. [33] at 3-4; *see also* ECF No. [32-3] at 13. Defendant argues that self-serving testimony from Plaintiff does not meet the threshold for showing that the handout is what it purports to be. ECF No. [34] at 1-2. Defendant also argues that Defendant's corporate representatives' statement that the handout is generally consistent with Defendant's recommendation is not sufficient to establish authenticity. ECF No. [34] at 2. Defendant further argues that there is no other evidence, such as Carnival's logo, indicating who made the handout or when. ECF No. [32] at 2.

The Court agrees with Defendant only to the extent that Defendant's corporate representative's statement – that the handout contains recommendations that are generally consistent with Defendant's own medical advice – does not establish authenticity. However, considering Rule 901(b)(1), sworn deposition testimony from Plaintiff and Plaintiff's husband meet the threshold requirement to establish a *prima facie* case for authenticity. *See* Fed. R. Evid. 901(b)(1). The Court notes that any dispute as to the authenticity of the handout beyond this threshold goes to the weight of the evidence to be determined by the jury, not admissibility. *See Maritime Life Caribbean Ltd.*, 913 F.3d at 1033.

Case No. 20-cv-23153-BLOOM/Louis

Next, the Court must address whether the handout is hearsay and whether a hearsay exception applies. Plaintiff relies on *Ash v. Shambodromo, LLC*, 676 F. Supp. 2d 1360 (S.D. Fla. 2009), to argue that the handout is not hearsay because it is an opposing party's statement, and that even if the handout is hearsay, it falls within several hearsay exceptions. ECF No. [33] at 5-6. Defendant argues that the handout is hearsay, and that no hearsay exception applies. ECF Nos. [32] at 2; [34] at 2.

Rule 801(d)(2) states the following:

> **(2)** ***An Opposing Party's Statement.*** The statement is offered against an opposing party and:
> **(A)** was made by the party in an individual or representative capacity;
> **(B)** is one the party manifested that it adopted or believed to be true;
> **(C)** was made by a person whom the party authorized to make a statement on the subject;
> **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> **(E)** was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2). Plaintiff must meet any one of the above factors for the handout to be admissible as an opposing party's statement.

As Plaintiff correctly argues, Mr. Rapanan gave the handout to Plaintiff in his representative capacity as the shipboard nurse for Defendant. ECF No. [33] at 5. Therefore, the first factor is met. *See* Fed. R. Evid. 801(d)(2)(A). Even if Mr. Rapanan did not give the handout to Plaintiff in his representative capacity, according to Plaintiff's deposition, Mr. Rapanan admitted that the information in the handout was Defendant's medical advice. ECF Nos. [33] at 5; [32-1] at 18. Therefore, the handout is admissible under the second factor. *See* Fed. R. Evid. 801(d)(2)(B). Furthermore, according to the deposition of Defendant's corporate representative, Defendant allows nurses to give medical advice and does not prohibit nurses from doing so without

getting doctors involved. *See* ECF No. [32-3] at 5. Thus, the third factor is also satisfied. *See* Fed. R. Evid. 801(d)(2)(C).[1]

In response, Defendant argues that *Ash*, 676 F. Supp. 2d 1360, is not instructive because Defendant's corporate representative has never seen the handout and Defendant did not authorize the handout itself. *See* ECF No. [34] at 2. However, Defendant's claim that the corporate representative has never seen the handout or that Defendant did not authorize the handout are not relevant to the material issue of whether Mr. Rapanan gave the handout to Plaintiff in his representative capacity. In other words, Defendant does not address Plaintiff's claim that similar to the general manager in *Ash*, 676 F. Supp. 2d at 1372, who was authorized to speak on behalf of the defendant and was acting in the scope of his employment, Mr. Rapanan was authorized to speak on behalf of Defendant and was acting within the scope of his employment. *See id*. While Defendant may not have expressly authorized the handout, Defendant did authorize Mr. Rapanan to speak on its behalf. Accordingly, the handout is an opposing party's statement and not hearsay. Because the handout is admissible as an opposing party's statement, the Court does not consider Plaintiff's arguments in the alternative. The Motion is denied as to this matter.

    **ii.    Statements Allegedly Made by Defendant's Medical Staff**

Defendant also seeks to preclude statements allegedly made by Defendant's medical staff that Plaintiff did not need to see a doctor because Plaintiff's symptoms were caused by her seasickness patch. ECF No. [32] at 3. Defendant's contention is that the alleged statements are inadmissible hearsay and that the medical diagnosis exception to the hearsay rule does not apply. *See id.* Plaintiff responds that the statements are not hearsay because they are an opposing party's

---

[1] Given that there are at least three grounds for admitting the handout as an opposing party's statement, the Court does not analyze whether there are additional grounds for admitting the handout as an opposing party's statement.

statements, and that even if the statements are hearsay, the statements are admissible under several hearsay exceptions. ECF No. [33] at 8-9.

The Court's analysis on this matter is similar to the Court's analysis in regard to the handout. As stated above, Rule 801(d)(2) sets forth the relevant test to determine if a statement is admissible as an opposing party's statement. *See* Fed. R. Evid. 801(d)(2). The statements in question were made by Mr. Rapanan, acting in his representative capacity as a shipboard nurse. *See* ECF No. [33] at 8. Therefore, the first factor is met. *See* Fed. R. Evid. 801(d)(2)(A). Even if Mr. Rapanan did not make the statements in his representative capacity, according to Plaintiff's deposition, Mr. Rapanan stated that his medical advice was Defendant's medical advice. ECF Nos. [33] at 8; ECF No. [32-1] at 18. As such, the second factor is also met. *See* Fed. R. Evid. 801(d)(2)(B). Defendant also authorized Mr. Rapanan to give medical advice. ECF No. [32-3] at 5. Thus, the third factor is met. *See* Fed. R. Evid. 801(d)(2)(C).[2] Therefore, given that the statements are an opposing party's statements, not hearsay, and admissible, the Court need not address Plaintiff's arguments in the alternative or Defendant's argument that the medical diagnosis hearsay exception does not apply. The Motion is denied as to this matter.

### iii. Causation Opinions from Plaintiff's Treating Physicians

Defendant seeks to prevent Plaintiff's treating physicians from opining on causation because they failed to provide expert reports. ECF No. [32] at 4. Defendant specifically seeks to exclude the causation opinions of Dr. Amy Chiu, Dr. Justin Wilkin, and Dr. Cameron Johnson. *See id.*[3] Plaintiff relies on *Underwood v. NCL (Bahamas) Ltd.,* 17-24492-CV, 2019 WL 1559659,

---

[2] As before, since there are at least three grounds for admitting the statements as an opposing party's statements, the Court does not analyze whether there are additional grounds for admitting the statements as an opposing party's statements.

[3] Defendant states that causation opinions include opinions "regarding the alleged treatment onboard the vessel, or [opinions] otherwise linking Plaintiff's injuries to alleged medical treatment on the ship." ECF No. [32] at 4. Defendant also seeks to preclude the treating physicians from introducing "testimony and

at *3 (S.D. Fla. Apr. 10, 2019), and contends that an expert report is not necessary, and the Court should defer ruling on the matter until trial because treating physicians should be permitted to opine on causation if causation opinions were formed during the scope of their treatment. ECF No. [33] at 10.

In general, "[w]hen a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report." *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012) (citations and internal quotation marks omitted). Likewise, "because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Levine v. Wyeth, Inc.*, No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010) (citing *Baratta v. City of Largo,* No. 8:01–CV–1894–T–EAJ, 2003 WL 25686843, at *2 (M.D. Fla. Mar.18, 2003)). "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.* (citing *Shapardon v. West Beach Estates,* 172 F.R.D. 415, 416–17 (D.Haw.1997)); *see also McGuire v. Davis*, 437 F.2d 570, 572-73 (5th Cir. 1971) (finding objections to a treating physician's testimony as to causation without merit because "a physician who has examined an injured party may describe what he has seen and give his expert inferences therefrom");[4] *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *5 (S.D. Fla. Apr. 4, 2013). On the other hand, "[w]here a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor

---

evidence opining on liability, causation of Plaintiff's damages, the standard of care, or otherwise attempting to support her claims for medical negligence." *Id*.

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." *Levine*, 2010 WL 2612579, at *1 (citing *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D. Ala. 1996)).

Defendant argues that the causation opinions were not formed during the treating physicians' treatment of Plaintiff. ECF No. [34] at 4-5. Defendant claims that the causation opinions are "hypothetical conjecture" and that causation opinions should be inadmissible because "whether [Plaintiff's injury] occurred due to medical negligence or Plaintiff's delay in seeking treatment would make no difference to Plaintiff's treatment." *Id*. However, Defendant does not provide any record evidence to support the claim that the causation opinions were not formed during the course of treatment or that medical negligence and delay made no difference to Plaintiff's treatment. On the other hand, Plaintiff does not claim that the treating physicians' causation opinions were necessary to the development of treatment recommendations and merely states that causation opinions should be admissible "if" those opinions were necessary to the development of treatment recommendations. ECF No. [33] at 11. Without further information, the Court cannot determine whether the causation opinions were formed and based upon observations made during the course of treatment. As such, the Court reservse ruling on the admissibility of causation opinions until the trial. *See In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (deferring ruling so that questions of foundation, relevancy, and potential prejudice may be resolved in the proper context).[5] Thus, the Motion is denied as to this matter.

---

[5] Plaintiff argues that the treating physicians should be permitted to opine about Plaintiff's damages and vision status because those opinions were formed during the course of Plaintiff's treatment. ECF No. [33] at 11. Defendant makes clear that it is only objecting to causation opinions, which do not include the above opinions. ECF No. [34] at 3-4. Therefore, such opinions will be admissible.

### iv. Evidence of Prior Incidents or Claims

Defendant seeks to preclude evidence of prior incidents or claims because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. ECF No. [32] at 5-6 (citing *Miller ex rel. Miller*, 2004 WL 4054843, at *1). Defendant stresses that because the Eleventh Circuit has determined notice is not required to establish vicarious liability, evidence of prior incidents or claims to prove notice has little probative value. ECF No. [32] at 6 (citing *Yusko v. NCL (Bahamas) Ltd.*, 4 F.4th 1164 (11th Cir. 2021)). Plaintiff responds that Plaintiff has not discovered any evidence of prior incidents yet, and that the Court should reserve ruling on the admissibility of prior incidents or claims until trial. ECF No. [33] at 11-12.

In general, a district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). In this case, the Court will not exclude any allegedly improper evidence before such evidence is discovered and presented for review. *See Thompkins v. Lil' Joe Recs., Inc.*, No. 02-61161CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003) (denying a motion *in limine* as premature because the nature of the evidence was unknown). Furthermore, although the Eleventh Circuit has determined that notice is not required to establish vicarious liability, *see Yusko*, 4 F.4th 1164, it does not follow that Plaintiff should be categorically precluded from offering evidence of prior incidents since such evidence may have sufficient probative value in proving notice for direct negligence, even if Plaintiff is not required to prove notice for vicarious liability. The Court reserves ruling on any evidence of prior incidents or claims until trial, and the Court will determine whether such evidence, if discovered, is unfairly prejudicial at that time. Thus, the Motion is denied as to this matter.

### v.     Evidence or Argument About the Guide Dog

Lastly, Defendant seeks to preclude any evidence or argument that the dog Plaintiff purchased after the incident is a "guide dog" or a "seeing-eye dog" and that Plaintiff relies on such a service animal. ECF Nos. [32] at 6-7; [34] at 5. Defendant argues that such evidence or argument would be unfairly prejudicial. ECF No. [34] at 5. Plaintiff responds that it would be unfairly prejudicial to Plaintiff to exclude evidence of the "service animal." ECF No. [33] at 12.

Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, Defendant seeks to prevent references to the dog in question as a "guide dog" or a "seeing-eye dog." ECF No. [34] at 5. Defendant does not seek to exclude references to the dog in question as a "service animal." *See id*. Defendant also does not challenge the description of the dog as a "pet" or an "emotional support animal." ECF No. [32] at 7. Considering Plaintiff's husband's deposition testimony that the dog was not trained to be a "guide dog" or a "seeing-eye dog" and has no certification suggesting as much, *see* ECF No. [32-5] at 19, the Court considers references to the dog as a "guide dog" or a "seeing-eye dog" to be unfairly prejudicial to Defendant. *See* Fed. R. Evid. 403.[6]

Furthermore, Plaintiff goes to work without the dog, *see* [32-5] at 19, Plaintiff does not rely on the dog while she is at home, *see id.*, and Plaintiff can still drive, *see id.* at 19-20. As such, it appears that Plaintiff does not need a "guide dog" or a "seeing-eye dog" and any statement to the contrary would also be unfairly prejudicial to Defendant. As such, the Motion is granted as to

---

[6] Plaintiff appears to construe Defendant's main concern to be that the dog is "a good-looking dog" and that the "jury may sympathize with Plaintiff because Plaintiff feels more comfortable walking with a dog on her left side in public." ECF No. [33] at 14. As indicated above, this does not appear to be Defendant's primary concern.

11

this matter. Plaintiff will be permitted to introduce evidence that Plaintiff purchased the dog after the incident, that the dog is "service animal," and that Plaintiff relies on the "service animal" in certain circumstances.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [32]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record